In re: Larry Duane LAWRENCE;

In re: Ann Marie Lawrence,

Larry Duane Lawrence; Ann Marie Lawrence, Appellants,

v.

H. Clifford Looney, an individual; Butler & Looney P.C., an Oregon professional corporation, Appellees.

No. 05–35442.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.*

Filed April 23, 2007.

Larry Duane Lawrence, Harper, OR, pro se.

Ann Marie Lawrence, Harper, OR, pro se.

John T. Schroeder, Esq., Schroeder & Lezamiz, Boise, ID, for Appellees.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellants Larry Lawrence and Ann Lawrence filed a motion for sanctions under 11 U.S.C. § 362(h) (2004) [1] in the Unit-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. Section 362(h) (2004) provided for the recovery of actual damages, costs and attorneys' fees, and punitive damages to "[a]n individual injured by any willful violation of a stay provided by this section." This subsection has been slightly rephrased and redesignated as subsection (k).

ed States Bankruptcy Court for the District of Idaho against Appellee Butler and Looney, P.C. ("Butler & Looney"). They also filed an adversarial complaint against Appellees Harold Looney and Butler & Looney, pursuant to 11 U.S.C. §§ 523, 524, and 727. The bankruptcy court denied the § 362(h) motion and dismissed the adversarial complaint, and the district court affirmed. Pursuant to our jurisdiction over Appellants' timely appeal under 28 U.S.C. §§ 158(d) and 1291, we affirm the district court judgment.

Appellants' motion for sanctions under § 362(h) alleged that Butler & Looney violated the automatic stay effected by their filing for chapter 7 bankruptcy on April 4, 2002, see § 362(a), by filing for foreclosure against Appellant Larry Lawrence's co-defendant in a separate state court proceeding, and by recording its assignment of interest in Appellants' real property. To prevail on their motion, Appellants were required to prove actual damages. Because they failed to do so, the bankruptcy court correctly denied the motion on the merits.

Appellants' adversarial complaint alleged that Looney and Butler & Looney violated the permanent injunction imposed under § 524 upon the entry of the bankruptcy court's discharge order in their chapter 7 case by continuing its foreclosure action against them in state court.[2] They argued that the Anderson judgment was an unsecured claim that had been permanently discharged in 2002. The bankruptcy court dismissed the complaint on three independent grounds: waiver, judicial estoppel, and laches.[3] Appellants have failed to challenge the bankruptcy court's waiver determination in their opening and reply briefs; any objection to that ground for dismissal is therefore waived. See Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir.2000) ("[F]ailure to argue an issue in the opening brief does constitute waiver.") (citing Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir. 1992)).[4] Accordingly, we affirm the district court judgment on this ground alone. Appellees' motion to strike Appellants' pro se Reply Brief and supporting exhibit is denied as moot.

**AFFIRMED.**

---

2. Butler & Looney had previously acquired Lynette Anderson's interest in a $70,070 judgment against the Lawrences.

3. The district court judgment affirmed the bankruptcy court's order in its entirety.

4. We note that while Appellants are now proceeding pro se, their opening brief was filed by retained counsel.

